Caruthers, J,,
delivered the opinion of the Court.
There seems to have been various questions made *395 in this case before the Chancellor, but only one is presented to us in the argument, as decisive of it; and that is, whether a recognizance to appear in a criminal case is a lien upon the land of the cogni-zora. The question comes -up in this way: Mrs. Emily Winn then being the owner of the tract of land in question, entered into a recognizance in the Circuit Court of Montgomery, in the sum of $20,000, for the appearance of her son Thomas at the Supreme Court, upon an appeal from a judgment of conviction of an assault and battery, with intent to commit murder in the first degree. Thomas failed to appear: a forfeiture was taken, and, upon proper proceedings, final judgment for the $20,000 was entered against the parties. Before this, and pending the sci. fa., Kimble and Foster being the creditors of the said Emily, who was then a non-resident, filed their attachment-bill to reach this land. Her title to the land was equitable only. She held by devise from her husband, who held the bond of J. S. Buck for title, upon the payment of the consideration. One payment still remained due. The owner of that claim, it is admitted, is to be first satisfied. Mrs. Winn, before the forfeiture, sold the land; but it is conceded, on all hands, that the sale was fraudulent and not in the way. But the contest is between the State and Kim-ble and Foster, as the land is not sufficient to satisfy both. After the final judgment, the State filed a bill to sell the land; but this was subsequent to the bill of Kimble and Foster. One-half or more of the forfeiture has been released. The land has been sold, and the proceeds, after discharging the vendor’s *396 lien, are to abide the judgment of the Court on the question stated above. The Chancellor held that Kimble and Foster were entitled to priority, and the State appealed.
This decree was right, unless the recognizance was a lien upon the land; and that is the only question. We have no decision on that question in this State. In our mother State of North Carolina, . there are two reported eases upon it.
In the State vs. Magniss, 1 Haywood, 115, in 1794, and in Burton vs. Murphey, 2 Murphey, 339-341, in 1818, the question arose, and was expressly decided in favor of the lien. It is said in the last case, “ It has always been thought certain” that recognizances bind the land. It creates, says the Court, “ an express original and specific lien, which attaches to the land then owned by the conusor; and, if the lands are afterwards conveyed, they pass cum onere
In 2 Greenleaf’s Cruise, vol. iv., 95 marg. p. the law is laid down in the same way. “A recognizance is a lien on all the lands which the cognizor had at the time of its acknowledgment, and also upon all those which he afterwards acquires; so that no alienation” by him will defeat the cognizee. “It is a direct lien upon the lands.” So the law is stated in 2 Bl. Com., 342, (m,) “ from the time of enrollment on record.”
We are disposed to yield to these high authorities; and the more so, as we consider them most in accordance with sound policy, connected with the administration of public justice.
There are discordant opinions and decisions on the *397 point, and some very able judges have announced the opposite conclusion in reported cases, in some of the States; but, to our minds, the weight of authority and argument is in favor of the, lien.
There must then, be a reversal, and a. decree entered here in conformity to this opinion, giving priority to the State.